COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia

SUSAN LORAYNE LONG-MOLNAR

MEMORANDUM OPINION[*]
v.        Record No. 0464-96-1      BY JUDGE JOSEPH E. BAKER
                                     NOVEMBER 5, 1996
ROBERT KLOR DEAN

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        John K. Moore, Judge

          Mary Keating O'Neill (Pender & Coward, P.C.,
          on briefs), for appellant.

          Stuart R. Gordon (Gordon, Allison & Levine,
          P.C., on brief), for appellee.


     The sole issue presented by this appeal is whether the trial

court erred as a matter of law when, over the objection of

appellant, it granted appellee's petition to have his child's

last birth-name changed to that of appellee.

     Upon familiar principles, the judgment of the trial court is

presumed to be correct, Broom v. Broom, 15 Va. App. 497, 504, 425

S.E.2d 90, 94 (1992), and we will not reverse its decision unless

it is plainly wrong or without evidence to support it.  Code

§ 8.01-680; Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363,

365 (1986).  In this appeal, the standard of review is whether

there is evidence to support the trial court's finding that it

was in the best interest of the child to grant appellee's

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

petition. Code § 8.01-217. We find that the record contains sufficient evidence to support the judgment of the trial court.

As the parties are familiar with the record, we recite only the evidence that supports the trial court's finding.

With limited visitation by appellee, the child has been in appellant's custody since birth and remains in appellant's full-time care. When appellee failed to acknowledge the child at birth, appellant selected a name for the child other than that of appellee.

After a court found that appellee was the child's father and ordered appellee to support the child, appellee has regularly paid $500 per month child support and has continually had temporary-custody visitation.

A board certified psychologist recommended a change of the child's name that would include appellee's name hyphenated by appellant's maiden name and testified that giving the child appellee's name would be in the best interest of the child. He further opined that the child was bonded to both parents.

After meeting with the child alone in chambers, the trial court concluded that it would be in the best interest of the child to grant appellee's petition to change the last name of the child to that of appellee. We cannot say that the trial court was plainly wrong or that its judgment was without evidence to support it.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>